**NATIONAL LABOR RELATIONS BOARD v. LA SALLE HAT CO. et al.**

No. 7126.

Circuit Court of Appeals, Third Circuit.

July 10, 1939.

Alvin J. Rockwell, of Washington, D. C., for petitioner.

Sigmund H. Steinberg, of Philadelphia, Pa., for respondents.

Before MARIS and BIDDLE, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has filed with us a petition for the enforcement of one of its orders based, in accordance with a common practice, upon a stipulation of the parties for a consent decree. The stipulation was executed on October 1, 1938, and the Board's order entered on November 26, 1938. This petition was filed on June 1, 1939, more than eight months after the execution of the stipulation, which provided in the first paragraph that the order should be entered "forthwith".

■ The petition is under Section 10 (e) of the Act,[1] which gives the court

---

[1] 29 U.S.C.A. § 160(e).

"power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board." Entry of the Court's order is a matter of discretion. If the Board had applied promptly as it was required to do by the terms of the stipulation we should have, as a matter of course, entered the order. But it is not alleged that the respondents are disregarding the Board's order, or have failed to comply with its provisions. Practice under this Act should be prompt in order to make it effective. The long delay in this case had the effect of making unenforceable the provision in the stipulation that the order should be entered forthwith. If the respondents fail to comply with the Board's order it can again apply to us for enforcement.

The petition is dismissed.