Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 20, 2016

**2016 CO 48**

**No. 14SC469, <u>Lewis v. Taylor</u>—Uniform Fraudulent Transfer Act—Limitation of Actions—Agreements Tolling Limitation.**

Under the Colorado Uniform Fraudulent Transfer Act ("CUFTA"), §§ 38-8-101 to -112, C.R.S. (2015), any action to avoid an intentionally fraudulent transfer is extinguished if not brought within four years after the transfer was made or, if later, within one year after the transfer was or could reasonably have been discovered. In this decision, the supreme court holds that these time limitations may be tolled by express agreement. Because the parties to this case signed a tolling agreement, and the petitioner's CUFTA claims were properly brought within the tolling period, the supreme court concludes that his claims were timely filed and are not barred by CUFTA's limitations period. Therefore, the supreme court reverses the judgment of the court of appeals.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2016 CO 48

### Supreme Court Case No. 14SC469
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 13CA239

### Petitioner:

C. Randel Lewis, solely in his capacity as receiver,

v.

### Respondent:

Steve Taylor.

### Judgment Reversed
*en banc*
June 20, 2016

**Attorneys for Petitioner:**
Lindquist & Vennum LLP
Michael T. Gilbert
John C. Smiley
Theodore J. Hartl
  *Denver, Colorado*

**Attorneys for Respondent:**
Podoll & Podoll, P.C.
Richard B. Podoll
Robert A. Kitsmiller
Dustin J. Priebe
  *Greenwood Village, Colorado*

**Attorneys for Amicus Curiae Gerald Rome, Securities Commissioner for the State of Colorado:**

Cynthia H. Coffman, Attorney General
Russell B. Klein, Deputy Attorney General
Charles J. Kooyman, Assistant Attorney General
  *Denver, Colorado*

**JUSTICE HOOD** delivered the Opinion of the Court.
**JUSTICE GABRIEL** dissents, and **CHIEF JUSTICE RICE** and **JUSTICE COATS** join in the dissent.

¶1 Under the Colorado Uniform Fraudulent Transfer Act ("CUFTA"), §§ 38-8-101 to -112, C.R.S. (2015), any action to avoid an intentionally fraudulent transfer is extinguished if not brought within four years after the transfer was made or, if later, within one year after the transfer was or could reasonably have been discovered, § 38-8-110(1)(a). In this case, we consider whether this time period may be extended by a tolling agreement entered into voluntarily by both parties. We conclude that it may.

¶2 Though section 38-8-110(1) provides that a claim is "extinguished" if not acted upon within the prescribed time period, we find that term ambiguous in this context because it applies to language within section 38-8-110(1)(a) suggesting both a period of limitation and a period of repose. In resolving that ambiguity, we do not interpret the word "extinguished" to wholly eliminate the right to bring a claim where the time period for exercising that right has been extended by express agreement.

¶3 Accordingly, we hold that section 38-8-110(1)'s time limitations may be tolled by express agreement. Because the parties signed a tolling agreement here, and the petitioner's CUFTA claims were properly brought within the tolling period, we conclude that his claims were timely filed and are not barred. We therefore reverse the judgment of the court of appeals and reinstate the trial court's order of summary judgment in favor of the petitioner. We remand to the court of appeals to consider the alternate argument on which the respondent appealed the trial court's order.

## I. Facts and Procedural History

¶4 In 2006, the respondent, Steve Taylor, invested $3 million in several investment companies operated by Sean Mueller. Unbeknownst to Taylor, Mueller was using these

companies (the "Mueller Funds") to run a multi-million dollar Ponzi scheme. The Mueller Funds received approximately $147 million in total investments, and paid out approximately $86 million to investors, before the scheme collapsed.

¶5 Taylor happened to be one of the "winners" of the scheme. Between September 1, 2006, and April 19, 2007, Taylor received $3,487,305.29 in payouts from the Funds, representing a return of his invested principal, plus a net profit of $487,305.29. Others were not so fortunate. Approximately ninety-five investors lost a total of approximately $72 million.

¶6 In April 2010, the Colorado Securities Commissioner discovered that the Mueller Funds were a Ponzi scheme. In November 2010, Mueller pleaded guilty to securities fraud, theft, and violating the Colorado Organized Crime Control Act. In December 2010, he was sentenced to a total of 40 years in prison and ordered to pay over $64 million in restitution.

¶7 On April 27, 2010, the district court appointed the petitioner, C. Randel Lewis, as the Receiver for the Mueller Funds. The Receiver was tasked with collecting and distributing Mueller's assets to his creditors, including to his defrauded investors.

¶8 On April 12, 2011, the Receiver and Taylor, who was represented by counsel, signed a tolling agreement that extended the time period within which the Receiver could institute a cause of action against Taylor through and including December 31, 2011. The agreement provided that "[a]ll applicable statutes of limitation or repose, each and every statutory or common law time limitation respecting the commencement of an action, . . . and any other defenses based on the passage of time . . . hereby are and

4

shall be tolled during the Tolling Period." It stipulated that any action brought by the Receiver within the tolling period would be deemed to have been filed on April 12, 2011, the effective date of the agreement.

¶9 On October 14, 2011, the Receiver filed a complaint against Taylor that included a CUFTA claim seeking to recover Taylor's net profit of $487,305.29 for equitable distribution among all losing investors in the Mueller Funds. CUFTA provides that a cause of action to avoid an intentionally fraudulent transfer is extinguished if it is not brought within four years after the transfer was made or, if later, within one year after the transfer was or could reasonably have been discovered. § 38-8-110(1)(a). Taylor's last payout—the last fraudulent transfer he received—was made on April 19, 2007, and the transfer was or could reasonably have been discovered by the Receiver on the date of his appointment, April 27, 2010. Thus, section 38-8-110(1)(a) would bar any claim not filed by April 27, 2011, one year after the later of those dates.

¶10 The Receiver filed a motion for partial summary judgment on the CUFTA claim, and Taylor filed a cross-motion, arguing that the Receiver's CUFTA claim was filed outside the statutory time period and therefore was time-barred. The trial court found in the Receiver's favor. It considered the tolling agreement valid and binding, and it concluded that the Receiver's claims against Taylor were timely.

¶11 Taylor appealed, and the court of appeals reversed. Lewis v. Taylor, 2014 COA 27M, ¶ 23, __ P.3d __. It read section 38-8-110(1)—specifically, its use of the word "extinguished"—to impose a jurisdictional time limitation on filing a claim that, if not met, destroys the right of action. It therefore concluded that the parties could not toll

5

the time limitation by agreement. The court of appeals remanded the case to the trial court with instructions to grant Taylor's motion for summary judgment.[1]

¶12 The Receiver petitioned this court to review the court of appeals' judgment. We granted his petition.[2]

## II. Standard of Review

¶13 A trial court's order granting or denying summary judgment is subject to de novo review. Oasis Legal Fin. Grp., LLC v. Coffman, 2015 CO 63, ¶ 30, 361 P.3d 400, 405. Summary judgment is appropriate only if "the pleadings, depositions, answers to

---

[1] Taylor also argued on appeal that because he was an innocent investor, the district court erred by holding that his investment profits were recoverable under CUFTA. Because the court of appeals found that the Receiver's claims were barred, it did not address Taylor's alternate argument.

[2] We granted certiorari to review the following issue: "Whether, as a matter of first impression in Colorado, the court of appeals erred by sua sponte deciding that the time period for asserting claims under Colorado's Uniform Fraudulent Transfer Act is 'jurisdictional.'"

  The court of appeals concluded that because the statute provides that a cause of action is "extinguished" if brought outside the statutory time period, the statutory right to bring a claim is completely eliminated. Specifically, the court of appeals focused on whether section 38-8-110(1) imposes a jurisdictional time limit, which would entirely divest the court of jurisdiction to entertain a claim not filed within that limit, or a nonjurisdictional time limit, which would not divest the court of jurisdiction and could potentially be tolled. Under Colorado law, a statute is not jurisdictional unless it contains language expressly or by necessary implication limiting a court's jurisdiction. See In re Estate of Ongaro, 998 P.2d 1097, 1103 (Colo. 2000). The court of appeals found the statute to be jurisdictional, but it explained that it used "jurisdiction" not to refer to subject matter jurisdiction, but to "distinguish between those time limits which describe when a claim or remedy no longer exists as opposed to those time limits which are included as an element of a claim." Lewis, ¶ 12 n.1. Neither of the parties asserts before this court that the statute is jurisdictional. Without getting further mired in semantics, we simply turn to the ultimate question we must resolve: whether a claim no longer exists once the statutory time limit has passed, or whether by entering into a voluntary tolling agreement, the parties preserved the Receiver's ability to bring a claim after the expiration of the statutory time period.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." C.R.C.P. 56(c). The material facts are not in dispute in this case.

¶14    Additionally, the proper meaning of section 38-8-110(1) presents a question of statutory interpretation, which we review de novo. Roup v. Commercial Research, LLC, 2015 CO 38, ¶ 8, 349 P.3d 273, 275.

## III.  Analysis

¶15    We begin by providing an introduction to CUFTA, the causes of action it creates, and the limitations it places on their assertion. We then examine section 38-8-110(1) and determine that its language renders it reasonably susceptible to multiple interpretations and therefore that it is ambiguous. Last, we employ traditional interpretive aids to evaluate whether section 38-8-110(1) bars tolling by express agreement. We conclude that it does not.

### A.  Limitations on Actions Under CUFTA

¶16    The Colorado General Assembly enacted CUFTA in 1991. Colorado Uniform Fraudulent Transfer Act, ch. 280, 1991 Colo. Sess. Laws 1681. CUFTA is nearly identical to the Uniform Fraudulent Transfer Act ("UFTA"), which was drafted and recommended by the National Conference of Commissioners on Uniform State Laws (now known as the Uniform Law Commission) in 1984. See Unif. Fraudulent Transfer Act (Nat'l Conference of Comm'rs on Unif. State Laws 1984). UFTA revised the

7

Uniform Fraudulent Conveyance Act, a 1918 attempt to synchronize state requirements for establishing fraud. See id. at Prefatory Note.

¶17     CUFTA provides that a transfer is fraudulent as to a creditor if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor. § 38-8-105(1)(a). When a Ponzi scheme has been established, all transfers from entities involved in the scheme are presumed to be intentionally fraudulent. See Klein v. Cornelius, 786 F.3d 1310, 1320 (10th Cir. 2015). Under section 38-8-108(1)(a), a creditor may obtain avoidance of a fraudulent transfer to the extent necessary to satisfy its claim.

¶18     Section 38-8-110, entitled "Extinguishment of cause of action," limits the time period within which a cause of action with respect to a fraudulent transfer may be commenced. For an intentionally fraudulent transfer under section 38-8-105(1)(a), a cause of action is extinguished unless it is brought within four years after the transfer was made or, if later, within one year after the transfer was or could reasonably have been discovered by the claimant. § 38-8-110(1)(a).

¶19     Here, there is no dispute that Mueller engaged in an intentionally fraudulent transfer as defined under section 38-8-105(1)(a). Instead, the question is whether the Receiver's claims were timely or were "extinguished" because they were brought outside of section 38-8-110(1)(a)'s time limit, even though they were brought within the time limit as extended by the tolling agreement. To answer this question, we must determine the meaning and force of the word "extinguished" in section 38-8-110(1).

¶20     This is a question of statutory interpretation. The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent. St. Vrain Valley

8

Sch. Dist. RE-1J v. A.R.L., 2014 CO 33, ¶ 10, 325 P.3d 1014, 1019. To do so, we look to the plain meaning of the statutory language and consider it within the context of the statute as a whole. Denver Post Corp. v. Ritter, 255 P.3d 1083, 1088 (Colo. 2011). If the statutory language is clear, we apply it as such. Id. at 1089. But if the statutory language has more than one reasonable meaning, and is therefore ambiguous, we may look to interpretive aids to construction to resolve the ambiguity and determine which of the reasonable interpretations is appropriate. Marquez v. People, 2013 CO 58, ¶ 7, 311 P.3d 265, 268. In evaluating whether a statute is ambiguous, we do not read its words or phrases in isolation, but instead read them in context and in a manner that gives effect to the statute as a whole. See Thermo Dev., Inc. v. Cent. Masonry Corp., 195 P.3d 1166, 1168 (Colo. App. 2008). With these principles in mind, we turn to section 38-8-110(1).

## B. "Extinguished" in Section 38-8-110(1) Is Ambiguous

¶21    Section 38-8-110(1)(a) contains language indicative of both a statute of limitations and a statute of repose. Because this confluence renders the word "extinguished" in the section reasonably susceptible to multiple meanings, we conclude that the term is ambiguous.

¶22    Subsection (1)(a) contains the language of both a statute of limitations and a statute of repose, two tools used by legislatures to limit the time period within which claimants may initiate actions. A statute of limitations establishes a time limit for suit based on the date when the claim accrued. CTS Corp. v. Waldburger, 134 S. Ct. 2175, 2182 (2014) (quoting Statute of Limitations, Black's Law Dictionary (9th ed. 2009)). By

9

contrast, a statute of repose limits the right to bring a claim to a specific time period that begins to run not when the claim accrues, but when the defendant's last culpable act or omission takes place. Id.

¶23 The first portion of section 38-8-110(1)(a) provides that a cause of action is extinguished unless brought within four years after the transfer was made. The four-year period begins to run upon the occurrence of a specific event, the transfer, regardless of whether an injury has occurred or been discovered. This is the language of a statute of repose.

¶24 The second portion of section 38-8-110(1)(a) provides that a cause of action is extinguished unless brought within one year after the transfer was or could reasonably have been discovered, if that one-year deadline would be later than the four-year deadline. This time period begins to run based on the discovery of the claim's existence, regardless of the amount of time since the defendant's last culpable act. This is the language of a statute of limitations.

¶25 The confluence of the language of limitations and the language of repose renders section 38-8-110(1) reasonably susceptible to multiple meanings. While a statute of limitations bars a prospective plaintiff from seeking a remedy, a statute of repose goes further to bar the enforcement of the underlying right to assert a claim. See CTS Corp., 134 S. Ct. at 2182 (statute of limitations creates time limit for suing, but statute of repose puts outer limit on right to bring suit). To "extinguish" means to "bring to an end" or to "terminate or cancel." Extinguish, Black's Law Dictionary (10th ed. 2014). At first glance, the term "extinguished" in section 38-8-110(1) suggests the

10

termination of the right to bring a CUFTA cause of action—that is, it would seem to constitute a bar to enforcement, as the division below concluded. Indeed, as the division observed, comment 1 to section 38-8-110 explains that the section's purpose is to "make clear that lapse of the statutory periods prescribed by the section bars the right and not merely the remedy." But because section 38-8-110(1)(a) creates a one-year "safety valve" that allows the commencement of an action based on the discovery of a claim, even if that discovery occurs after the close of the section's four-year period, the word "extinguished" cannot be read to indicate the complete destruction of the right to bring a claim notwithstanding other circumstances. Instead, it is reasonably susceptible to two different meanings. Under one, "extinguished" requires the immediate and automatic elimination of the right. But under the other, "extinguished" allows for the time period within which the right may be exercised to be extended before the right is eliminated. This extension may be due to the late discovery of a claim, as explicitly provided for in section 38-8-110(1)(a), or it may be because the parties have expressly agreed to an extension. Given these multiple potential meanings, the term "extinguished" is ambiguous here.

¶26 Because of this ambiguity, we must determine whether the General Assembly intended the term "extinguished" to eliminate the right to bring a claim after the statutory time period automatically and without exception, or whether it contemplated permitting that right to be preserved pursuant to voluntary tolling of the statutory time period.

11

## C. Tolling by Express Agreement Comports with CUFTA

¶27 When a statute is ambiguous, we may use a variety of interpretive aids to determine legislative intent. These tools include legislative history and how the law has been construed in similar circumstances. § 2-4-203(1), C.R.S. (2015).

¶28 CUFTA's legislative history is silent as to the General Assembly's intent in enacting section 38-8-110(1)'s extinguishment provision. Therefore, we consider how the law has been construed in similar contexts.

¶29 Taylor, like the court of appeals below, maintains that the weight of authority interpreting UFTA extinguishment provisions substantially similar to section 38-8-110(1) demonstrates that its limitations cannot be tolled. We disagree.

¶30 The cases Taylor presents, and on which the court of appeals relied, are distinguishable because they concern whether the limitations may be equitably tolled or tolled by the operation of other statutory provisions. See, e.g., Warfield v. Alaniz, 453 F. Supp. 2d 1118, 1130 (D. Ariz. 2006) (concluding that Arizona equivalent of section 38-8-110 is statute of repose and declining to apply principles of equitable tolling); Nathan v. Whittington, 408 S.W.3d 870, 874–76 (Tex. 2013) (characterizing Texas equivalent of section 38-8-110 as statute of repose and concluding that separate statute suspending statutes of limitations did not apply to save or revive respondent's "extinguished" claim). The issue before us involves tolling by express agreement. Therefore, the cases cited by Taylor do not apply.

¶31 Courts presented with express tolling agreements have determined that statutes of repose similar to CUFTA may be tolled. See First Interstate Bank of Denver, N.A. v.

12

<u>Cent. Bank & Tr. Co. of Denver</u>, 937 P.2d 855, 861–62 (Colo. App. 1996) (concluding that statute of repose in Colorado Securities Act lacked specific language to create jurisdictional prerequisite and was susceptible to waiver by stipulation or express agreement); <u>see also</u> <u>SEC v. Forte</u>, Civil Nos. 09-63, 09-64, 2012 WL 1719145, at *8 (E.D. Pa. May 16, 2012) (stating that because all fraudulent transfer claims the receiver might bring were covered by tolling agreements, claims could be brought without exceeding one-year "lookback" period in Pennsylvania's UFTA); <u>ESI Montgomery Cty., Inc. v. Montenay Int'l Corp.</u>, 899 F. Supp. 1061, 1066 (S.D.N.Y. 1995) (determining defendants could agree to waive limitations scheme similar to section 38-8-110(1)(a) and distinguishing U.S. Supreme Court case that was based on nature of equitable tolling only); <u>accord</u> <u>Fleming Cos., Inc. v. Rich</u>, 978 F. Supp. 1281, 1300 (E.D. Mo. 1997) (finding that time limitations in Missouri's UFTA "are not jurisdictional, and thus, are subject to waiver, estoppel, and equitable tolling," though facts of the case involved equitable tolling rather than waiver).[3]

¶32    Taylor also points us to <u>Midstate Horticultural Co., Inc. v. Pennsylvania Railroad Co.</u>, 320 U.S. 356 (1943).  Again, however, his reliance is misplaced.  In <u>Midstate</u>, the U.S. Supreme Court considered whether a time limitation in the Interstate Commerce Act ("ICA") on complaints against carriers for recovery of charges could be waived by

---

[3] If the number of cases considering whether statutes of repose may be tolled by agreement is less than overwhelming, we surmise this may be because most parties lack the temerity to sign a tolling agreement and then assert that claims brought within the tolling period are time-barred.  <u>Cf.</u> <u>In re Lehman Bros. Sec. & ERISA Litig.</u>, No. 09 MD 2017(LAK), 2012 WL 6584524, at *2 (S.D.N.Y. Dec. 18, 2012) (calling defendant's argument that, notwithstanding tolling agreement, plaintiff's claim was time-barred "a notable bit of 'chutzpah'" and "ridiculous" (citation omitted)).

13

an express agreement made before the end of the statutory period. Id. at 357. The Court considered congressional intent and determined that the ICA's limitation was intended to extinguish the cause of action and "put an end to the substantive claim and the corresponding liability." Id. at 364. The Court concluded that the action was time-barred, despite the parties' agreement to extend the time period. Critically, however, the Court focused on the purpose of the ICA to impose a comprehensive scheme of regulation and "secur[e] the general public interest in adequate, nondiscriminatory transportation at reasonable rates." Id. at 361. It explained that the Act required "rigid adherence to the statutory scheme and standards" even in "matters concerning which variation in accordance with the exigencies of particular circumstances might be permissible, if only the parties' private interests or equities were involved." Id. Thus, Midstate's holding specifically concerns the ICA and the congressional intent behind its enactment.

¶33  To the extent Midstate created a generally applicable rule regarding tolling statutes of repose, that rule can best be characterized as a directive to consider the legislative intent and policy purposes behind each statute under consideration, not as a universal prohibition on tolling. See FDIC v. Williams, 60 F. Supp. 3d 1209, 1214 & n.7 (D. Utah 2014) (concluding that statute setting applicable statute of limitations "[n]otwithstanding any provision of any contract" permitted tolling, and distinguishing Midstate in part based on Midstate's focus on congressional intent specific to the ICA); In re Lehman Bros. Sec. & ERISA Litig., No. 09 MD 2017(LAK), 2012 WL 6584524, at *2 (S.D.N.Y. Dec. 18, 2012) (estopping defendant from asserting time bar it had voluntarily

14

tolled by agreement and finding <u>Midstate</u> inapplicable because its policy concerns were not implicated).

¶34 Of course, the prerogative to establish limitations periods for state statutes belongs to the state legislature, subject to state and federal due process guarantees. <u>See</u> <u>Dove v. Delgado</u>, 808 P.2d 1270, 1273 (Colo. 1991); 51 Am. Jur. 2d <u>Limitation of Actions</u> § 27 (2011) ("The legislature of each state has the power to enact statutes of limitation for causes of action that are effective within that state."). In the present case, this affirms our decision to look to the Colorado legislature as the arbiter of the meaning of CUFTA's limitations provision.

¶35 CUFTA's focus is on identifying fraudulent transactions between a creditor and a debtor. It sets forth the conditions under which a transfer will be considered fraudulent, and it creates remedies for creditors seeking relief against a fraudulent transfer or obligation. §§ 38-8-105, -108. Unlike <u>Midstate</u>, actions under CUFTA involve "only the parties' private interests or equities." <u>Midstate</u>, 320 U.S. at 361. True, CUFTA promotes national uniformity by aligning Colorado's fraudulent transfer law with the law of other states that have adopted the uniform act. But allowing mutually-agreed-upon deviations from the statute's time limitations affects only the parties to the agreement. It cannot be said to interfere with any broader national or state scheme.

¶36 Additionally, in considering the consequences of the parties' competing constructions, we note that voluntary tolling agreements serve the public interest. They improve judicial economy by allowing litigants time to develop their claims and negotiate settlements, which reduces unnecessary and costly litigation. And here the

15

societal and private interests would seem to converge. Presumably, both the Receiver and Taylor believed the tolling agreement was in their respective interests, or they would not have signed it.

¶37 Although a statute of repose is a judgment that defendants should be entirely free from liability after a specified period of time, CTS Corp., 134 S. Ct. at 2183, the policy concerns behind freeing defendants from the lingering threat of a lawsuit do not apply here, where the parties expressly agreed not to assert the statute's time limitations, see First Interstate Bank, 937 P.2d at 862–63.

¶38 In summary, the language of section 38-8-110(1) is ambiguous and does not demonstrate legislative intent to prohibit voluntary tolling. Because voluntary tolling presents no obstacle to achieving CUFTA's purposes or to the general policy behind statutes of repose, we conclude that the time bars contained in section 38-8-110(1) may be tolled by express agreement.

## IV. Conclusion

¶39 We hold that section 38-8-110(1)'s time limitations may be tolled by express agreement. Because the parties signed a tolling agreement here, and the petitioner's CUFTA claims were properly brought within the tolling period, we conclude that his claims were timely filed and are not barred. We therefore reverse the judgment of the court of appeals and reinstate the trial court's order of summary judgment in favor of the petitioner. We remand to the court of appeals to consider the alternate argument on which the respondent appealed the trial court's order.

16

**JUSTICE GABRIEL** dissents, and **CHIEF JUSTICE RICE** and **JUSTICE COATS** join in the dissent.

**JUSTICE GABRIEL**, dissenting.

¶40    Unlike the majority, I do not perceive section 38-8-110(1), C.R.S. (2015), to be ambiguous.  Rather, in my view, that provision creates a statute of repose that bars the right to bring an action after the period of repose lapses.  Moreover, applicable precedent from both this court and the United States Supreme Court makes clear that in these circumstances, the concept of tolling is inapplicable.  To hold otherwise would allow the parties to alter, by agreement, an express legislative mandate extinguishing a claim.  Because I do not believe parties may do so, I respectfully dissent.

## I.  Analysis

¶41    As pertinent here, section 38-8-110(1)(a) provides that a cause of action with respect to a fraudulent transfer or obligation under article 8 of title 38 is "extinguished" unless the action is brought under section 38-8-105(1)(a), C.R.S. (2015), "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant."

¶42    The official comment to this provision confirms that the section's purpose "is to make clear that lapse of the statutory periods prescribed by this section bars the right and not merely the remedy."  § 38-8-110 cmt. 1.

¶43    Unlike the majority, I believe that section 38-8-110(1)(a) establishes a statute of repose or nonclaim statute, and not a statute of limitations (or combined statute of repose and statute of limitations).  As the United States Supreme Court has observed, a statute of limitations creates a time limit for suing in a civil case, and this limitation is

1

based on when the claim accrued.  See CTS Corp. v. Waldburger, 134 S. Ct. 2175, 2182 (2014).  A statute of repose, in contrast, "puts an outer limit on the right to bring a civil action."  Id.  Such a statute bars any suit filed after a specified time, and it does so even if the period ends before the plaintiff has suffered a resulting injury.  Id.  A statute of repose is thus a "cutoff" or absolute bar on a defendant's liability, and it reflects a legislative judgment that a defendant should be free from liability after the legislatively prescribed period of time.  Id. at 2183 (quoting Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 363 (1991)).

¶44    In my view, section 38-8-110(1)(a), and particularly its use of the word "extinguished," reflects an unambiguous legislative judgment to set an outer limit on the right to bring a civil action.  The word "extinguish" means, "[T]o cause (as a claim or right) to be void : make legally nonexistent."  Extinguish, Webster's Third New Int'l Dictionary (2002).  Moreover, the legislature's intent to create a statute of repose or nonclaim statute is reinforced by the official comments, which expressly state the legislature's intent to bar the underlying right and not merely the remedy.  § 38-8-110 cmt. 1.

¶45    I am not persuaded otherwise by the language in section 38-8-110(1)(a) that says, ". . . or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant."  I acknowledge that similar language is often used in connection with the accrual of a claim.  See, e.g., § 13-80-108(1), C.R.S. (2015) ("Except as provided in subsection (12) of this section, a cause of action for injury to person, property, reputation, possession, relationship, or status shall be considered to

2

accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."). Here, however, when read in the context of section 38-8-110 as a whole, it is clear to me that the "or, if later" language is part and parcel of the statutory cutoff for CUFTA claims. Specifically, I read section 38-8-110(1)(a) to mean that a CUFTA claim is extinguished unless brought within four years after the transfer was made or within one year after it was or could reasonably have been discovered by the claimant, whichever occurs later.

¶46 For these reasons, I believe that section 38-8-110(1)(a) creates a statute of repose. The question thus becomes whether such a statute can be tolled by the agreement of the parties. I do not think that it can.

¶47 In In re Estate of Ongaro, 998 P.2d 1097, 1102 (Colo. 2000), we construed section 15-12-803(1), C.R.S. (2015). That statute provided that claims not filed within the applicable time period were "barred." § 15-12-803(1). We concluded that such language created a nonclaim statute and not a statute of limitations. Ongaro, 998 P.2d at 1102. In addition, we stated, "The General Assembly's use of the term 'barred' indicates its intent to render concepts of waiver or tolling, which are applicable to statutes of limitations, generally inapplicable to section 15-12-803(1)." Id.; see also 54 C.J.S. Limitations of Actions § 5, at 23 (2005) ("A statute of repose creates a substantive right in those protected to be free from liability after the legislative-determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason.") (footnotes omitted).

¶48 In my view, the same reasoning applies here. As noted above, the legislature used the term "extinguished," and the official comments expressly noted the statute's purpose to bar claims filed after the specified time periods lapse. Just as we concluded in Ongaro, 998 P.2d at 1102, that the General Assembly's use of the term "barred" indicated an intent to render the concept of tolling inapplicable to a nonclaim statute, I believe that the General Assembly's use of the term "extinguished" indicated its intent to render the concept of tolling inapplicable to the statute of repose at issue here. Indeed, to hold otherwise would undermine the legislature's judgment that after the specified time, the defendant should be free from liability. See CTS Corp., 134 S. Ct. at 2183.

¶49 In this regard, the United States Supreme Court's decision in Midstate Horticultural Co. v. Pennsylvania Railroad Co., 320 U.S. 356, 357–58 (1943), is substantially on point. There, the applicable statute provided that all actions "'shall be begun within three years from the time the cause of action accrues, and not after.'" Id. at 357 (quoting 49 U.S.C. § 16(3)(a) (1940)). The question presented to the Court was whether this limitation could be waived by an express agreement made by the parties before the statutory period ended. Id. The Court concluded that it could not because an agreement waiving the statutory limitation was "invalid as being contrary to the intent and effect of the section and the Act [at issue]." Id. at 358. The Court further observed, "Congress intended, when the period has run, to put an end to the substantive claim and the corresponding liability. The cause of action, the very foundation for relief, is extinguished." Id. at 364.

4

¶50 This reasoning applies with equal force here. Specifically, the language of section 38-8-110(1)(a) reflects a clear and unambiguous legislative intent to put an end to the substantive claim and the corresponding liability once the statutory period has lapsed. See also § 38-8-110(1)(a) cmt. 1 ("[This section's] purpose is to make clear that lapse of the statutory periods prescribed by the section bars the right and not merely the remedy."). Thus, to allow parties to extend the statutory periods by agreement would be contrary to the intent and effect of section 38-8-110(1)(a), and any such agreement is therefore invalid. See Midstate Horticultural, 320 U.S. at 358.

¶51 Accordingly, I believe that the division below correctly concluded that the parties could not toll section 38-8-110(1)(a)'s time limitation by agreement, and I would affirm the division's judgment.

## II. Conclusion

¶52 For these reasons, I respectfully dissent.

I am authorized to state that **CHIEF JUSTICE RICE** and **JUSTICE COATS** join in this dissent.

5