The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
February 25, 2021

## 2021COA25

**No. 20CA0170, *Arapahoe Cnty Dep't of Human Svcs. v. Monica Velarde & Michael Moore* — Administrative Law — State Administrative Procedure Act — Judicial Review**

A division of this court of appeals concludes that a county seeking to enforce an administrative Medicaid overpayment order must comply with the timeframe in the Administrative Procedure Act (APA).  The APA requires the enforcement proceeding to be filed within thirty-five days of the final agency action.  § 24-4-106(4), C.R.S. 2020.  Here, the county filed suit over a decade after the final agency action at issue.

Because the county's suit failed to comply with the APA's required timeframe, the district court's dismissal was proper. Accordingly, the division affirms.

COLORADO COURT OF APPEALS     **2021COA25**

Court of Appeals No. 20CA0170
Arapahoe County District Court No. 19CV30255
Honorable Elizabeth Beebe Volz, Judge

Arapahoe County Department of Human Services,

Plaintiff-Appellant,

v.

Monica Velarde and Michael Moore,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division A
Opinion by JUDGE FOX
Freyre and Lipinsky, JJ., concur

Announced February 25, 2021

Ron Carl, County Attorney, Annette M. Myrick, Assistant County Attorney, Aurora, Colorado, for Plaintiff-Appellant

No Appearance for Defendants-Appellees

¶ 1     The Arapahoe County Department of Human Services (the county) appeals the district court's dismissal of its suit to recover Medicaid overpayments to Monica Velarde and Michael Moore.  The county contends that (1) the court had subject matter jurisdiction under the Administrative Procedure Act (APA), section 24-4-106, C.R.S. 2020; and (2) the court abused its discretion by vacating its entry of default.  Because the district court lacked jurisdiction over the county's untimely effort to enforce, we affirm.

## I.     Background

¶ 2     The county seeks judgment for repayment of medical assistance benefits totaling $79,591.17 — plus interest and litigation fees — which Velarde and Moore, the father of Velarde's children, allegedly received for their children between September 2002 and July 2004.  It claims that Velarde and Moore procured the benefits fraudulently because Velarde, who applied for the benefits, failed to report that she and Moore lived together and had shared income.

¶ 3     The county sued on December 17, 2018, seeking to enforce a February 26, 2008, administrative notice regarding the Medicaid

1

overpayments. After Velarde and Moore failed to answer the county's complaint and amended complaint, the clerk entered a default under C.R.C.P. 55(a). When Velarde and Moore later appeared at the hearing to determine the amount of judgment and expressed their intent to defend, the court vacated the default.

¶ 4     The court later denied the county's summary judgment motion and dismissed the case because the county failed to seek enforcement within the period prescribed by section 24-4-106(4). The county now appeals.

## II.     Jurisdiction Over the County's Enforcement Action

¶ 5     The county argues that the district court had subject matter jurisdiction because section 24-4-106 does not limit the county's ability to pursue a judgment. We disagree.

### A.     Preservation and Standard of Review

¶ 6     The issue is preserved. We review questions of law, jurisdiction, and statutory interpretation de novo. *Tulips Invs., LLC v. State ex rel. Suthers*, 2015 CO 1, ¶ 11; *Jefferson Cnty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010); *see also*

*Rinker v. Colina-Lee*, 2019 COA 45, ¶ 26 (the merits of a sua sponte ruling are subject to review on appeal, regardless of objections).

### B. Statutory and Regulatory Framework

¶ 7 Medicaid is a joint federal-state program created by the Social Security Act to provide care to those who cannot afford private medical care. *See* 42 U.S.C. §§ 1396 to 1396w-5. If a state chooses to participate in Medicaid, it must comply with applicable federal requirements. *Harris v. McRae*, 448 U.S. 297, 301 (1980).

¶ 8 Colorado participates in Medicaid, § 25.5-5-101, C.R.S. 2020, and the Colorado Department of Health Care Policy and Financing (HCPF) and the Department of Human Services (DHS) administer Colorado's Medicaid program, exercising rulemaking authority through the Medical Services Board (Board). The Board's rules govern program eligibility, scope, and administration. § 25.5-4-104, C.R.S. 2020; § 25.5-4-205, C.R.S. 2020; *see also* Dep't of Health Care Policy & Fin. Reg. 8.540, 10 Code Colo. Regs. 2505-10; Dep't of Human Servs. Reg. 1.120, 9 Code Colo. Regs. 2501-1. HCPF, DHS, and counties partner in determining benefit eligibility and recovering erroneous payments. § 25.5-4-106, C.R.S. 2020; § 25.5-

3

1-118, C.R.S. 2020; Dep't of Human Servs. Reg. 1.110, 9 Code Colo.

Regs. 2501-1 (DHS supervises county departments).

## C.  Analysis

¶ 9     The county had various legal remedies available to recover the

overpayment[1] at issue, including but not limited to seeking to

enforce a final agency action, pursuing a wage garnishment,

intercepting other aid grants, and using the State Income Tax

Refund Intercept process.[2]  *See* Dep't of Health Care Policy & Fin.

Reg. 8.065.2.21.C, 10 Code Colo. Regs. 2505-10; *see also* § 25.5-4-

305, C.R.S. 2020 (liability for false Medicaid claims); § 25.5-4-306,

---

[1] An "overpayment" includes "any medical assistance payments . . .
paid on behalf of a recipient who was not lawfully entitled to receive
the benefits for which the payments were made[;] no recovery shall
be made where the overpayment occurred through no fault of the
recipient."  Dep't of Health Care Policy & Fin. Reg. 8.065.1, 10 Code
Colo. Regs. 2505-10.

[2] If the county had chosen a different remedy, it would, of course,
have had to abide by the statutory framework applicable to that
remedy.  *See, e.g.,* § 25.5-4-307, C.R.S. 2020 (limitation periods for
false Medicaid claims); § 26-2-133, C.R.S. 2020 (state income tax
intercept); § 13-80-103.5(1)(a), C.R.S. 2020 (six years to enforce a
judgment); *see also* § 26-2-128(4), C.R.S. 2020 (recognizing a
six-year limitation period for the execution of judgments involving
state debt).  Even if a statute does not prescribe a period of
limitations, agencies are expected to institute enforcement
proceedings promptly.  *See, e.g., NLRB v. La Salle Hat Co.,* 105 F.2d
709, 710 (3d Cir. 1939); *Nat'l Wildlife Fed'n v. Cotter Corp.,* 665 P.2d
598, 603 (Colo. 1983) (requiring action "within a reasonable time").

4

C.R.S. 2020 (civil actions); § 25.5-4-307, C.R.S. 2020 (limitation periods). The county chose to enforce its final agency action by invoking APA section 24-4-106. Subsection 106(3) provides that "[a]n action may be commenced in any court of competent jurisdiction by or on behalf of an agency for judicial enforcement of any final order of such agency." As we explain below, having elected that remedy, the county also had to comply with the thirty-five-day time limit in the APA. § 24-4-106(4).

¶ 10    In determining the meaning of a statute, our primary goal is to ascertain and give effect to the intent of the General Assembly. *Lewis v. Taylor*, 2016 CO 48, ¶ 20. If possible, we must determine that intent from the plain meaning of the statute, construing it as a whole and giving effect to all its parts. *Id.* Our reading of the statute reflects that subsection 106(2) allows judicial review in response to a final agency action, and subsection 106(3) provides that such review is available when the agency seeks to enforce a final agency order. Construing the statute as a whole, we conclude that subsection 106(4) limits the time to bring an action for judicial review of "any agency action," whether it be review of a final agency action pursuant section 24-4-106(2) or review of a final agency

action in the course of an agency enforcement proceeding under section 24-4-106(3). Nothing in the language or structure of the statute exempts counties or DHS from subsection 106(4)'s time limits.

¶ 11　The failure to seek enforcement within thirty-five days of the date the action becomes effective, as subsection 106(4) requires, deprives a court of jurisdiction to review the matter. *Roosevelt Tunnel, LLC v. Norton*, 89 P.3d 427, 429 (Colo. App. 2003) (failure to lodge a timely challenge deprived the court of jurisdiction to decide the complaint on its merits); *Allen Homesite Grp. v. Colo. Water Quality Control Comm'n*, 19 P.3d 32, 34 (Colo. App. 2000) (timely filing is a jurisdictional prerequisite to judicial review under the APA). Thus, the county's complaint invoking the APA, *if* filed after the thirty-five-day period in section 24-4-106(4), was subject to dismissal and that dismissal must be upheld on review. *Cheney v. Colo. Mined Land Reclamation Bd.*, 826 P.2d 367, 368 (Colo. App. 1991).

¶ 12　We next consider when the county's order became *final,* triggering the thirty-five days for the county to seek enforcement under the APA regime. *Peabody Sage Creek Mining, LLC v. Colo.*

*Dep't of Pub. Health & Env't, Water Quality Control Div.*, 2020 COA 127, ¶ 20 (recognizing that final agency action "must '(1) mark the consummation of the agency's decision-making process and not be merely tentative or interlocutory in nature, and (2) constitute an action by which rights or obligations have been determined or from which legal consequences will flow" (quoting *Doe 1 v. Colo. Dep't of Pub. Health & Env't*, 2019 CO 92, ¶ 38)); *see also* Dep't of Human Servs. Reg. 3.850, 9 Code Colo. Regs. 2503-8. As relevant here, the county provided notice of an adverse action — that Velarde had received an overpayment of Medicaid benefits — on February 26, 2008. The applicable regulatory framework then allowed for additional administrative review consisting of (1) a county conference or a state-level fair hearing; (2) review by the Office of Appeals (OA), resulting in a final agency decision; and (3) judicial review. *Id.* at Reg. 3.840 (dispute resolution process); *id.* at Reg. 3.850.11 (aggrieved party has ninety days from the notice to invoke a state-level appeal); *id.* at Reg. 3.850.72 (OA review); *id.* at Reg. 3.850.75 (judicial review within thirty-five days after the final agency decision becomes effective); *see also* Dep't of Health Care Policy & Fin. Reg. 8.057, 10 Code Colo. Regs. 2505-10 (agency

7

review process); 42 C.F.R. § 431.210 (2019) (federal requirements). The conclusion of this process yields a final agency action subject to judicial review by the aggrieved party or judicial enforcement by the agency.

¶ 13 The record indicates, as the county represents on appeal, that Velarde did not avail herself of the formal administrative process.[3] Velarde is therefore unable to challenge the substance of the agency's decision, having failed to exhaust available administrative remedies. *Thomas v. Fed. Deposit Ins. Corp.*, 255 P.3d 1073, 1077 (Colo. 2001); *see also Peabody Sage Creek Mining*, ¶ 10 (dismissal is not an adjudication on the merits; it results because the court lacks the power to hear the claim). But contrary to the county's argument, the APA also prescribed a timeframe within which the agency could seek to enforce its administrative order. § 24-4-106(4).

---

[3] The record is unclear regarding whether Velarde or Moore invoked informal administrative processes. Although the timing is not apparent from the record, the county appears to have implemented a payback process, but it is unclear whether that process related to the other benefits which are not contested in this appeal or the Medicaid benefits at issue.

¶ 14    The district court properly concluded that it lacked jurisdiction to consider the county's attempt to enforce the agency's February 26, 2008, notice because the county failed to file within thirty-five days of when the agency's notice was deemed final. Although the county's briefing does not identify precisely *when* the agency's overpayment notice became a final agency order, it seeks to enforce the February 26, 2008, notice. Per the applicable regulations, Velarde had ninety days to initiate a challenge to the overpayment notice to seek enforcement under the APA. Velarde's time to challenge thus ended on May 26, 2008, when the overpayment notice became final, and the county had thirty-five days from then to file an enforcement action. *Peabody Sage Creek Mining*, ¶ 20. The thirty-five days ran out on June 30, 2008. The county did not seek enforcement until December 17, 2018, well beyond the APA's timeframe. Therefore, the district court lacked jurisdiction to entertain the county's requested relief and properly dismissed the county's complaint. § 24-4-106(3) and (4); *see also McGihon v. Cave*, 2016 COA 78, ¶ 12 (recognizing judicial enforcement by or on behalf of an agency); *Sterling Ethanol, LLC v.*

*Colo. Air Quality Control Comm'n*, 2017 COA 26, ¶ 8 (recognizing the thirty-five-day deadline after an agency action becomes effective).

¶ 15    On appeal, the county baldly asserts, without citing to controlling authority, that no "timeframe is imposed on a county department pursuing a judgment." *See Vallagio at Inverness Residential Condo. Ass'n, Inc. v. Metro. Homes, Inc.*, 2017 CO 69, ¶¶ 39-40 (we do not consider undeveloped arguments lacking citation to controlling authority); C.A.R. 28(a)(7)(B).  The county also suggested to the district court that it is immune from a statute of limitations or a jurisdictional bar, but the law does not support that proposition, *Shootman v. Dep't of Transp.*, 926 P.2d 1200, 1207 (Colo. 1996), and the county has not repeated the argument on appeal, *Nicoloff v. Bloom Land & Cattle Co.*, 100 Colo. 137, 139, 66 P.2d 333, 334 (1937) (explaining that contentions not argued on appeal are deemed abandoned); *Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) (a court is not required to manufacture a party's appellate arguments, and if an issue is not briefed and argued it is waived).

¶ 16    We need not decide whether the district court erred by dismissing Moore from the case because the county's efforts to

10

enforce the overpayment notice against Velarde or Moore are equally flawed. Relatedly, there is no need to address the county's claim that the court abused its discretion by vacating the default after Velarde and Moore, who had failed to respond to the complaints, later appeared at a hearing to challenge the complaints. If the court lacked jurisdiction to address the county's enforcement action, it also lacked jurisdiction to enter or set aside the default. *Compare In re Marriage of Stroud*, 631 P.2d 168, 170 (Colo. 1981) (recognizing that a judgment is void if the court lacked personal jurisdiction over the parties or subject matter jurisdiction over the cause of action), *and First Nat'l Bank of Telluride v. Fleisher*, 2 P.3d 706, 714 (Colo. 2000) (voiding a judgment where "from its inception, [it] was a complete nullity and without legal effect") (citation omitted), *with Nickerson v. Network Sols., LLC*, 2014 CO 79, ¶ 18 (where the court had personal and subject matter jurisdiction, it had authority to enter a default judgment), *and Hill v. Benevolent League of Colo. Travelers Ass'n*, 133 Colo. 349, 351-52, 295 P.2d 231, 232 (1956) (a default judgment is subject to collateral attack for lack of jurisdiction). Because the default is void, we affirm.

11

## III.    Conclusion

¶ 17    The judgment is affirmed.

JUDGE FREYRE and JUDGE LIPINSKY concur.