RICHMOND PETROLEUM, INC., a Texas corporation, Plaintiff–Appellant,

v.

OIL & GAS CONSERVATION COMMISSION OF the STATE OF COLORADO, Defendant–Appellee.

No. 94CA0593.

Colorado Court of Appeals, Div. V.

Oct. 26, 1995.

Burns, Wall, Smith & Mueller, P.C., James P. Rouse, Denver, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Lori J. Coulter, Assistant Attorney General, Denver, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

On January 14, 1994, plaintiff, Richmond Petroleum, Inc. (Richmond), filed a complaint pursuant to provisions of the State Administrative Procedure Act (APA), § 24–4–101, et seq., C.R.S. (1988 Repl.Vol. 10A), seeking judicial review of an order of the Colorado Oil and Gas Conservation Commission (com-

mission). The trial court dismissed the complaint for lack of subject matter jurisdiction on the ground that the complaint was filed one day late. Richmond appeals from this judgment, contending primarily that the court erred in calculating the commencement of the 30–day appeal period. We reverse and remand with directions.

### A.

Judicial review of agency actions is subject to the APA, except when that statute conflicts with a specific statutory provision of an agency. Section 24–4–107, C.R.S. (1988 Repl.Vol. 10A). Both the APA and the Oil and Gas Conservation Act (OGCA), § 34–60–101, et seq., C.R.S. (1995 Repl.Vol. 14), address judicial review.

Under the APA, an action for judicial review must be commenced "within thirty days after such agency action becomes effective." Section 24–4–106(4), C.R.S. (1988 Repl.Vol. 10A). An agency decision is effective pursuant to the APA, "on the date mailed or such later date as is stated in the decision." Section 24–4–105(16)(a), C.R.S. (1995 Cum. Supp.).

The OGCA specifically incorporates judicial review provisions of the APA, by providing that:

> Any rule, regulation, or final order of the commission shall be subject to judicial review in accordance with the provisions of section 24–4–106, C.R.S.

Section 34–60–111, C.R.S. (1995 Repl.Vol. 14). In addition, however, the OGCA, § 34–60–108(6), C.R.S. (1995 Repl.Vol. 14), also provides that a commission order:

> shall be entered in full in books kept by the commission [and] show the date on which such entry was made in the books, which date shall be the date of entry for the purpose of section 34–60–111....

Under the APA, Richmond's complaint was timely filed, i.e., within 30 days of the date that the commission decision was mailed to it. The trial court found, however, that § 34–60–108(6) of the OGCA conflicts with and supersedes the APA. It determined, therefore, that under the OGCA, the "effective date" becomes the "date of entry" and,

consequently, the 30–day time to appeal begins to run from the date the order is entered. Thus, because the commission order was entered on December 14, 1994, four days before it was mailed, the court concluded that the complaint had been filed one day late.

### B.

■ On appeal, in support of the court's decision, the commission asserts that the "date of entry," rather than the date of mailing, starts the 30–day review period because the definition of "effective date" set forth in § 24–4–105(16)(a) does not apply in oil and gas commission proceedings. The commission acknowledges that the time permitted for filing an appeal of a commission order is the 30–day period required by § 24–4–106(4), but only because § 34–60–111 of the OGCA specifically incorporates § 24–4–106 provisions for judicial review. It argues, however, that § 24–4–105(16)(a) is not applicable to judicial review of commission orders because the OGCA refers *only* to § 24–4–106, and to no other provision of the APA. We do not agree.

In the absence of a clear conflict, the OGCA's reference to § 24–10–106 of the APA includes all APA provisions applicable to judicial review. *See* § 24–4–107.

■ Indeed, since § 24–4–106 applies to the OGCA, other sections of the APA must also apply to the OGCA because these other sections either define the essential terms of, or are referenced in, § 24–4–106. "Where the legislature defines a term in a statute, statutory construction requires that the term be given its statutory meaning." *R.E.N. v. City of Colorado Springs*, 823 P.2d 1359, 1364 (Colo.1992).

### C.

The commission argues that, nevertheless, even if § 24–4–105 otherwise would apply to judicial review of oil and gas commission proceedings, the OGCA provides its own start date for the 30–day appeal period which conflicts with, and, thus, supersedes, the start date provided in the APA. Specifically,

it asserts that § 34–60–108(6) designates the "date of entry" as the effective date which triggers the running of the 30–day period.

In response, Richmond contends that the APA and OGCA do not conflict and, consequently, the date of mailing triggers the time to appeal under both the APA and the OGCA. Therefore, it asserts, its appeal was timely. We agree with Richmond.

Rules of statutory interpretation require that, if more than one statute addresses an issue, the statutes should be read together and reconciled, and all provisions should be given effect. *State v. Borquez*, 751 P.2d 639 (Colo.1988); § 2–4–201(1)(b), C.R.S. (1988 Repl.Vol. 1B). In doing so, this court will not find a conflict between statutes unless one plainly appears. *Flores v. Colorado Department of Revenue*, 802 P.2d 1175 (Colo. App.1990).

Although § 34–60–108(6) provides that the date an order is entered on the commission's books shall be the "date of entry" for "the purpose of section 34–60–111," we perceive no conflict between provisions of the OGCA and the APA. Giving effect to all relevant provisions of the APA as well as to the OGCA, we conclude that "date of entry" establishes, "[for] the purpose of § 34–60–111," not the effective date which starts the 30–day review period, but instead, the time at which an order becomes a "final agency action," that is, a final order subject to review. We reach this determination for several reasons.

First, there is no clear conflict between the APA and OGCA because neither § 34–60–111 nor § 24–4–106 specifically refers to the "date of entry." Neither statute provides an unambiguous function for this date.

Secondly, by looking to "the purpose" of § 34–60–111, we find a reasonable meaning for "date of entry" which does not conflict with the APA. A final order is not the equivalent of an effective order. *See People v. San Emerterio*, 839 P.2d 1161 (Colo.1992); *see also Bethesda Foundation v. Colorado Department of Social Services*, 877 P.2d 860 (Colo.1994) (an order can be final prior to its effective date); § 24–4–105(16)(a), C.R.S. (1995 Cum.Supp.) And, claims for judicial review—the "purpose" of § 34–60–111—not

only must be brought within 30 days of an effective date, but also are limited to challenges to final agency action. Section 24–4–106(2), C.R.S. (1988 Repl.Vol. 10A). Furthermore, the APA defines "final rule" in § 24–4–103(5), but does not define "final order." An OGCA provision which specifies when a commission order is final is not, therefore, in conflict with the APA.

Thus, interpretation of "date of entry" as signifying final agency action provides meaning to all provisions of both the APA and the OGCA without creating a conflict.

This interpretation is consistent with the historical development of the OGCA's judicial review provision.

In 1981, the General Assembly incorporated the APA procedures for judicial review into the OGCA. Prior to that, procedures for review of commission orders were set forth in the OGCA. *See* 1 C. Krendl, *Colorado Practice* 455 (3rd ed. 1989). The previous version of § 34–60–111 tied the "date of entry" directly to the commencement date for filing an appeal. *See* Colo.Sess.Laws 1955, ch. 208, § 100–6–11 at 654 ("any person adversely affected by any ... order ... may within 90 days *after the entry thereof* bring a civil suit or action against the commission" (emphasis added)). "Entry" commenced the appeal period under this version of the provision; however, this version was itself unclear whether the date started the appeal period because agency action was final, or because the order was effective, or for some other reason. Thus, a revision of the OGCA which did not eliminate "date of entry" from § 34–60–108(6) is consistent with an interpretation that equates "entry" with final agency action, rather than with effective date.

Furthermore, an agency's interpretation of its organic statute should be granted significant weight. *See Woodmen of the World v. Colorado*, 893 P.2d 1349 (Colo.App. 1994). Despite its contrary position in this case, the commission's own regulation is virtually identical to the APA, defining "effective date of commission orders" to be the "date the written order is mailed or served, or on such later date as is stated in the

written order." Oil & Gas Commission Regulation No. 513, 2 Code Colo.Reg. 404–1.

### D.

Because we find no conflict between the APA and the OGCA as to the effective date of the order, we need not address Richmond's other contentions.

The judgment dismissing the complaint for lack of subject matter jurisdiction is reversed, and the cause is remanded for further proceedings.

CASEBOLT and ROY, JJ., concur.