**Karl M. PARRISH, Plaintiff–Appellant,**

v.

**The WATER QUALITY CONTROL DIVISION OF THE COLORADO DEPARTMENT OF PUBLIC HEALTH AND THE ENVIRONMENT and Aspcol Corporation, N.V., Defendants–Appellees.**

No. 95CA1567.

Colorado Court of Appeals, Div. III.

Feb. 20, 1997.

Dufford & Brown, P.C., Gregory A. Ruegsegger, Eugene F. Megyesy, Jr., Denver, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Patrick Kowaleski, Assistant Attorney General, Denver, for Defendant–Appellee The Water Quality Control Division of the Colorado Department of Public Health and the Environment.

Patrick & Stowell, P.C., Kevin L. Patrick, Scott C. Miller, Brian L. Stowell, Aspen; Oates, Hughes & Knezevich, P.C., Ted D. Gardenswartz, Aspen, for Defendant–Appellee Aspcol Corporation, N.V.

Opinion by Judge PLANK.

Plaintiff, Karl M. Parrish, appeals the dismissal of his complaint for judicial review of the agency action in which defendant the Water Quality Control Division of the Colorado Department of Public Health (Division) granted a wastewater discharge permit to defendant Aspcol Corporation (Aspcol). We affirm.

Aspcol sought approval from the Division to expand the wastewater treatment system for a 55,000 square-foot house it owns in Aspen, Colorado. The Division conditioned its approval of Aspcol's proposed system on the issuance of a wastewater discharge permit.

Pursuant to regulations, the division solicited public comments on Aspcol's draft permit. Plaintiff, who owns land adjacent to Aspcol's property, objected to the issuance of the permit as well as to its conditions.

On February 16, 1995, the Division issued a permit to Aspcol and sent notice to all parties. The Division sent a letter to plaintiff notifying him that Aspcol's permit had been authorized. That permit contained an "effective" date of March 18, 1995.

On March 17, 1995, plaintiff filed with the Division a "Motion to Reconsider or Alternatively for an Adjudicatory Hearing." That motion was denied ten days later, on March 27, 1995.

On April 26, 1995, plaintiff filed in the district court a "Complaint for Judicial Review." Contending that plaintiff had not timely filed his complaint, both defendants filed motions to dismiss.

On July 27, 1995, the district court ordered the case dismissed with prejudice for lack of subject matter jurisdiction. The district court held that the thirty-day review period began when the permit was issued on February 16, 1995, that the review period was extended during the ten days in which the motion for reconsideration was pending, and that the time for seeking judicial review thus had expired on March 28, 1995.

On appeal, plaintiff contends that the district court's interpretation of applicable law resulted in his complaint being improperly dismissed for lack of jurisdiction. We disagree.

I.

Plaintiff first argues that the Water Quality Control Act (WQCA), § 25-8-101, et seq., C.R.S. (1989 Repl.Vol. 11A) the Colorado Administrative Procedure Act (APA), § 24-4-101, et seq., C.R.S. (1988 Repl.Vol. 10A), applicable regulations, and case law all mandate that the period in which to seek judicial review of the Division's action commenced on the date the permit became "effective" rather than on the date it was issued. We are not persuaded.

A. *Colorado Administrative Procedure Act*

The APA provides that any person adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days after such agency action becomes effective. Section 24-4-106(4), C.R.S. (1988 Repl.Vol. 10A).

According to the APA, an agency decision is effective "on the date mailed or such later date as is stated in the decision." Section 24-4-105(16)(a), C.R.S. (1996 Cum.Supp.). However, a final determination by the Division is subject to judicial review in accordance with the provisions of both the APA and the WQCA, § 25-8-404, C.R.S. (1989 Repl.Vol. 11A), and the APA is inapplicable *to the extent that an agency's organic statute* is inconsistent with it. Section 24-4-107, C.R.S. (1988 Repl.Vol. 10A). *See Home Builders Ass'n v. Public Utilities Commission,* 720 P.2d 552 (Colo.1986).

To determine the commencement of the period in which to seek judicial review in this case, the general provisions of the APA cannot be reconciled with the more specific provisions of the WQCA. Thus, the WQCA prevails over the APA. *See State, Department of Revenue v. Borquez,* 751 P.2d 639 (Colo.1988).

B. *Water Quality Control Act*

Judicial review provisions of the WQCA provide that:

Any proceeding for judicial review of any final rule, order or determination of the commission or division shall be filed within thirty days after said rule, order or determination has become final....

Section 25–8–404(3), C.R.S. (1989 Repl.Vol. 11A).

■ Failure to file a complaint for judicial review of agency action within thirty days of the Division's action constitutes a jurisdictional defect that requires dismissal. *Colorado Water Quality Control Commission v. Town of Frederick*, 641 P.2d 958 (Colo.1982).

Section 25–8–404(3), further provides that: Quasi judicial determinations shall become final upon issuance of such determinations to those parties to the proceedings.

■ Here, Aspcol could not use the permit until its "effective" date of March 18, 1995. Pursuant to the WQCA, however, we agree with the district court that the Division's determination to grant the permit became final when it was issued and notice was sent to all parties in the proceedings on February 16, 1995. *See Colorado Water Quality Control Commission v. Town of Frederick, supra* (former version of WQCA provides that an order is final when the agency order is served upon the party affected).

### C. *Code of Colorado Regulations*

Applicable water quality control regulations provide that, once the Division issues a "final permit determination," any affected person can request an adjudicatory hearing by the Division within 30 days of such issuance. Water Quality Control Commission Regulation No. 6.8.0, 5 Code Colo. Reg. 1002–2.

The judicial review period is temporarily tolled while the Division deliberates on whether to grant or deny a motion for an adjudicatory hearing. If the motion is denied, the original determination is considered the final determination for purposes of judicial review. Water Quality Control Commission Regulation No. 2.1.14A(3), 5 Code Colo. Reg. 1002–1. *See also* § 25–8–403; *Colorado Water Quality Control Commission v. Town of Frederick, supra.*

Water quality control regulations further provide that:

Any permit issued shall become effective and final thirty (30) days after the permit is issued by the division, or on such later date as specified by the Division.... Until the permit becomes effective, operation per the conditions of the issued permit is unauthorized.  .

Water Quality Control Commission Regulation No. 6.7.0.(4), 5 Code Colo. Reg. 1002–2.

This language, which is almost identical to that contained in the APA, defines the date when the permit became effective and final for use. Pursuant to this regulation, the permit became effective and final for Aspcol's use on March 18, 1995. Contrary to plaintiff's assertion, however, the regulation does not define the date the permit became final for purposes of judicial review.

■ An agency's interpretation of its organic statute should be granted significant weight. *See Richmond Petroleum, Inc. v. Oil & Gas Conservation Commission*, 907 P.2d 732 (Colo.App.1995).

Although the Division's regulations, like the APA, provide that agency action may be effective "on such later date as specified," the WQCA provides otherwise. Unlike the agency statute in *Richmond*, the WQCA specifically states, as noted above, that quasi-judicial rulings become final on issuance to the parties. Thus, pursuant to the applicable statutes and regulations, we agree with the district court that the Division's decision to grant Aspcol's permit was final and effective for purposes of judicial review on February 16, 1995, the date the permit was issued in final form and notice was sent to all parties involved.

### II.

Plaintiff argues that the filing of his "Motion to Reconsider" stayed the judicial review period from March 18, 1995, to March 27, 1995, and that he then had thirty days from that date in which to file his complaint for judicial review. We disagree.

Section 25–8–404(3) provides:

The period for filing the action for judicial review shall be stayed while any applica-

tion for a hearing, rehearing, or reconsideration is pending pursuant to section 25-8-403, and the period during which any such application is pending shall extend the time for filing a proceeding for judicial review an equal length of time.

The Division's determination to grant or deny an application for hearing, rehearing, or reconsideration must be made within ten days after receipt by the Division of such application. Section 25-8-403, C.R.S. (1989 Repl.Vol. 11A).

▪ If a party requests reconsideration, the time for seeking judicial review is stayed only while the Division decides whether to grant the request. If the request is denied, the original deadline is extended by that period. *See Colorado Water Quality Control Commission v. Town of Frederick, supra.*

Here, plaintiff's motion for reconsideration was filed on March 17, 1995, and denied on March 27, 1995. Thus, the time for seeking judicial review was stayed for ten days. We agree with the district court that the judicial review period was extended during the ten days in which the motion for reconsideration was pending, and that the time for seeking judicial review thus expired on March 28, 1995.

Judgment of dismissal affirmed.

RULAND and JONES, JJ., concur.