ROOSEVELT TUNNEL, LLC and
El Paso Gold Mines, Inc.,
Plaintiffs–Appellants,

v.

Jane NORTON in her official capacity as Director of the Colorado Department of Public Health and Environment; Colorado Department of Public Health and Environment; J. David Holm in his official capacity as Director of the Colorado Water Quality Control Division; and Colorado Water Quality Control Division, Defendants–Appellees.

No. 02CA1738.

Colorado Court of Appeals,
Div. I.

July 17, 2003.

Rehearing Denied Sept. 4, 2003.

Certiorari Denied April 26, 2004.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Merrill, Anderson, King & Harris, LLC, James L. Merrill, Stephen D. Harris, Colorado Springs, Colorado, for Plaintiffs–Appellants.

Ken Salazar, Attorney General, Jerry W. Goad, Senior Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

The dispositive issue in this appeal concerning judicial review of agency action is whether an agency's admitted failure to rule on a request for a temporary water discharge permit within a 180–day statutory period provides a basis for mandamus relief under C.R.C.P. 106(a)(2). Because we agree with the trial court that the agency's "failure to act" constituted final agency action under the Administrative Procedure Act (APA), § 24–4–101, et seq., C.R.S.2002, we conclude plaintiffs' action, filed outside the time limit for review under the APA, was properly dismissed for lack of subject matter jurisdiction. Accordingly, we affirm.

This dispute arises from an application for a temporary discharge permit filed by plaintiff Roosevelt Tunnel, LLC, on behalf of itself and plaintiff El Paso Gold Mines, Inc. (collectively Roosevelt). Pursuant to the Colorado Water Quality Control Act (CWQCA), § 25–8–101, et seq., C.R.S.2002, Roosevelt sought a temporary discharge permit for water flows from the Roosevelt Tunnel, a century-old regional mine drain, into Cripple Creek. Roosevelt filed its application with defendant Colorado Water Quality Control Division, a part of defendant Colorado Department of Public Health and Environment (CDPHE).

■ The CWQCA parallels the federal Clean Water Act, 33 U.S.C. § 1251, et seq., which authorizes the states, including Colorado, to assume regulatory authority over water pollution. See 33 U.S.C. § 1342(b). The CWQCA is a comprehensive statute designed to protect the quality of waters throughout the state by, among other things, regulating the discharge of pollutants into such waters. Accordingly, the Division is charged with granting permits for discharge of pollutants into waters of the state to assure that such discharges do not exceed prescribed limits. See § 25–8–501(1), C.R.S.2002.

Under the CWQCA, a temporary permit shall be issued "if the division has not finally issued or denied a permit within one hundred eighty days after receipt of the permit application." Section 25–8–502(5)(a)(I), C.R.S. 2002.

Here, Roosevelt applied to the Division for a discharge permit on October 12, 2001. It is undisputed that the Division did not respond to Roosevelt's request for a discharge permit by April 12, 2002, the end of the 180–day statutory period.

Roosevelt filed this mandamus action in the trial court on June 26, 2002, some 75 days after the expiration of the 180–day period. The trial court dismissed the action, and this appeal followed.

## I. Administrative Procedure Act

■ Roosevelt argues that because the Division did not act on its request for a temporary discharge permit within 180 days, it had no adequate remedy at law and, therefore, was entitled to file an action in the nature of mandamus pursuant to C.R.C.P. 106(a)(2). In contrast, the defendants contend that under the APA, the Division's failure to rule on the request for a temporary discharge permit constituted final agency action, thereby requiring Roosevelt to file a complaint within 30 days after the expiration of the 180–day period. We agree with the defendants.

The APA provides for judicial review of "final agency action." Section 24–4–106(2), C.R.S.2002. As relevant here, "any person adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days after such action becomes effective." Section 24–4–106(4), C.R.S.2002. Under the APA, the term "action" is specifically defined as including "the whole or any part of any agency ... order, interlocutory order ... or failure to act." Section 24–4–102(1), C.R.S. 2002. Both the Division and CDPHE are considered agencies under the APA. *See* § 24–4–102(3), C.R.S.2002.

■ "Where ... an agency has an obligation to carry out a mandatory, nondiscretionary duty and ... fails to meet an established statutory deadline for carrying out that duty ... the failure to carry out that duty is itself 'final agency action.'" *S. Utah Wilderness Alliance v. Norton*, 301 F.3d 1217, 1229 (10th Cir.2002)(applying similar federal APA provision, 5 U.S.C. § 551(13)); *see also Sierra Club v. Thomas*, 828 F.2d 783, 793 (D.C.Cir.1987)("[I]f an agency is under an unequivocal statutory duty to act, failure so to act constitutes, in effect, an affirmative act that triggers 'final agency action' review.").

The CWQCA provides that any final rule, order, or determination by the Division, including approval of permits, shall be subject to judicial review in accordance with the terms of that act and the APA. As does the APA, the CWQCA provides that any proceeding for judicial review of any final rule, order, or determination of the Division shall be filed within thirty days after that rule, order, or determination has become final. *See* § 25–8–404(3), C.R.S.2002.

■ Under this legislative scheme, therefore, agency determinations pursuant to the CWQCA shall be reviewed pursuant to APA procedures. Because the APA expressly defines "action" to include a "failure to act," defendants' failure to approve or deny Roosevelt's request for a temporary discharge permit within 180 days of the filing of the permit application constitutes final agency action. Similarly, because final agency action includes a failure to act, Roosevelt had available the remedy of judicial review pursuant to the APA. To pursue that remedy, Roosevelt was required to file an action in the district court within 30 days after the expiration of 180 days following the filing of its application.

Because Roosevelt did not file its action within that period, the trial court was without jurisdiction to decide Roosevelt's complaint on the merits.

Nevertheless, Roosevelt argues that even if the APA applies, there are two reasons why it should still prevail. We are not persuaded.

■ First, Roosevelt contends, relying on *National Wildlife Federation v. Cotter Corp.*, 665 P.2d 598, 603 (Colo.1983), that because there is no specific determination being challenged, and thus no specific date to begin the 30–day period for filing a judicial review action, it must be accorded a reasonable time within which to file its complaint. Filing its complaint within 75 days after the expiration of the 180–day period was reasonable, Roosevelt asserts.

However, Roosevelt's reliance on *Cotter* is unavailing. Although it is true that there is no determination as such that Roosevelt is appealing, Roosevelt itself maintains that the defendants were required to issue a temporary discharge permit within 180 days of the filing of the application. That date, accordingly, provides the specific date from which to calculate the time to file an action for judicial review based on the Division's failure to act.

**430**

Second, Roosevelt maintains that, because the CWQCA's judicial review provisions are more specific than those in the APA and do not provide for review of an agency's failure to act, APA judicial review is not available here. We do not agree.

The APA provides that "where there is a conflict between this article and a specific statutory provision relating to a specific agency, such specific statutory provision shall control as to such agency." Section 24–4–107, C.R.S.2002.

Roosevelt argues that the CWQCA judicial review provision, § 25–8–404(1), C.R.S.2002, applies to "any final rule, order, or determination by the division or the commission," but does not refer to the agency's failure to act. Thus, Roosevelt urges us to conclude that the more specific CWQCA statutory provisions apply here, rather than the APA's provision concerning an agency's failure to act.

The difficulty with this argument, however, is that it ignores that part of § 25–8–404(1) providing that judicial review is to be in accordance with the provisions of the CWQCA and the APA. Thus, by expressly incorporating the APA procedures, the CWQCA requires that judicial review be under the APA, including review of an agency's failure to act.

Accordingly, we reject Roosevelt's further argument that review of inaction is counter-indicated by two provisions of the CWQCA which specifically contemplate judicial review of particular affirmative decisions. One of those provisions, § 25–8–502(5)(b), C.R.S.2002, specifies that issuance of a temporary permit shall be final agency action for the purposes of § 24–4–106. Also, § 25–8–502(2)(c), C.R.S.2002, states that a decision that an application is not complete shall be considered final agency action and shall be subject to judicial review. That these provisions provide for judicial review of affirmative CWQCA decisions does not preclude application of the APA judicial review provisions in other circumstances, such as those presented here.

Accordingly, we conclude there is no conflict between the judicial review provisions of the CWQCA and the APA.

## II. Mandamus

Roosevelt contends that relief in the nature of mandamus was appropriate in this case. We disagree.

Under C.R.C.P. 106(a)(2), relief in the nature of mandamus may be obtained to compel an agency or public official to perform a plain legal duty required by virtue of the office or which the law enjoins as a duty resulting from the office. *See Bd. of County Commr's v. County Road Users Ass'n,* 11 P.3d 432 (Colo.2000). For a mandamus action to lie, there must be no other adequate remedy available to the plaintiff. *McIntosh v. Bd. of Educ.,* 999 P.2d 224 (Colo.App.2000).

Because we have determined that Roosevelt had an adequate remedy pursuant to the APA, it was not entitled to file an action seeking mandamus relief.

Accordingly, the judgment is affirmed.

Judge KAPELKE and Judge CRISWELL * concur.