The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
August 20, 2020

## 2020COA127

**No. 19CA0990, *Peabody Sage v Colo Dept of Pub Health* — Administrative Law — Final Agency Action; Public Health & Environment — Colorado Water Quality Control Act**

A division of the court of appeals considers whether a "Final Agency Order" issued by the Executive Director of the Colorado Department of Public Health and Environment (the Department) was the last step in the adjudicatory process, rendering the groundwater-discharge permit of appellant, Peabody Sage Creek Mining, LLC (Peabody), final. The division concludes that the order was a final agency action; therefore, the time to seek judicial review of the action was governed by the Water Quality Control Act (the Act), §§ 25-8-403, -404, C.R.S. 2019, rather than the State Administrative Procedure Act, § 24-4-106(4), C.R.S. 2019. Because the Act required Peabody to seek judicial review within thirty days

of the Department's final order, and Peabody sought review thirty-five days later, the division affirms the trial court's dismissal of Peabody's complaint seeking judicial review of the final agency action. However, the division remands for the trial court to correct its judgment to a dismissal without prejudice.

Court of Appeals No. 19CA0990
Routt County District Court No. 19CV30029
Honorable Shelley A. Hill, Judge

Peabody Sage Creek Mining, LLC, a Colorado limited liability company,

Plaintiff-Appellant,

v.

Colorado Department of Public Health and Environment, Water Quality Control
Division; and Jill Hunsaker Ryan, in her official capacity as Executive Director
of the Colorado Department of Public Health and Environment,

Defendants-Appellees.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE FOX
Brown and Rothenberg*, JJ., concur

Announced August 20, 2020

Bryan Cave Leighton Paisner LLP, Alan J. Gilbert, Stephen D. Rynerson,
Denver, Colorado, for Plaintiff-Appellant

Philip J. Weiser, Attorney General, Carrie Noteboom, First Assistant Attorney
General, Matthew B. Miller, Assistant Attorney General, Denver, Colorado, for
Defendants-Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1 In this appeal, we conclude that the "Final Agency Order" issued by the Executive Director of the Colorado Department of Public Health and Environment (the Department) was the last step in the adjudicatory process making the groundwater-discharge permit of appellant Peabody Sage Creek Mining, LLC (Peabody), final. Therefore, the time to seek judicial review of the final administrative action is governed by the operative provisions of the Water Quality Control Act (the Act), §§ 25-8-403, -404, C.R.S. 2019, rather than the State Administrative Procedure Act (APA), § 24-4-106(4), C.R.S. 2019. Because the Act required Peabody to seek judicial review within thirty days of the Department's final order, but Peabody sought review thirty-five days later, we affirm the trial court's dismissal of Peabody's complaint seeking judicial review of a final agency action. However, we reverse in part and remand for the trial court to correct its judgment to a dismissal without prejudice.

## I. Facts and Procedural History

¶ 2 Peabody owns an inactive mine in Hayden, Colorado. In November 2015, the Colorado Water Quality Control Division (the water division), an entity within the Department, renewed and

reissued a permit (the 2015 Permit) authorizing Peabody to discharge water from that mine.

¶ 3        Dissatisfied with certain terms of the 2015 Permit, Peabody sought reconsideration of the permit.  The water division granted that request, and the Department, through its Executive Director, referred the matter to an administrative law judge (ALJ).

¶ 4        The ALJ conducted the hearing and issued an order entitled "Initial Decision" that modified the 2015 Permit to include terms mostly favorable to Peabody.  The Initial Decision included a notice to the parties of their right to appeal by filing exceptions with the Department.

¶ 5        Both parties filed exceptions.  The Executive Director then heard the administrative appeal and reversed the ALJ's Initial Decision in an order entitled "Final Agency Order."  That order concludes with the statement, "the 2015 Permit shall go into effect immediately."

¶ 6        Thirty-five days later, Peabody filed a complaint in the Routt County District Court for judicial review of a final agency action. Peabody invoked jurisdiction under APA section 24-4-106(4), which provides that "any person adversely affected or aggrieved by any

2

agency action may commence an action for judicial review in the district court within *thirty-five days* after such agency action becomes effective." (Emphasis added.) It conceded that venue was governed by section 25-8-404.

¶ 7     The water division responded with a C.R.C.P. 12(b)(1) motion to dismiss the complaint for lack of subject matter jurisdiction. It contended that section 25-8-404(3) of the Act applied, which provides that "[a]ny proceeding for judicial review of any final rule, order, or determination of the commission or division shall be filed within *thirty days* after said rule, order, or determination has become final." (Emphasis added.) The court reasoned that although the Final Agency Order was authored by the Executive Director, the order was essentially an act of "the division" within the meaning of the Act.

¶ 8     Deeming the Final Agency Order to be an act of "the division," the district court concluded that the Act provided the exclusive means for judicial review. It accordingly dismissed, with prejudice, Peabody's complaint as untimely. Peabody appeals.

## II.     Final Agency Action

### A. Standard of Review

¶ 9     Where, as here, there are no disputed issues of material fact, we review de novo a C.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Tulips Invs., LLC v. State ex rel. Suthers*, 2015 CO 1, ¶ 11.  A court's jurisdiction to review an agency action is a question of statutory interpretation that we also review de novo. *Doe 1 v. Colo. Dep't of Pub. Health & Env't*, 2019 CO 92, ¶ 15.

¶ 10    In construing a statute, our primary purpose is to ascertain and give effect to the intent of the General Assembly. *Assoc. Gov'ts of Nw. Colo. v. Colo. Pub. Utils. Comm'n*, 2012 CO 28, ¶ 11.  We look first to the language of the statute, giving words and phrases their plain and ordinary meaning. *Chittenden v. Colo. Bd. of Soc. Work Examr's*, 2012 COA 150, ¶ 11.  In doing so, we consider the statute as a whole and construe it in a manner that gives consistent, harmonious, and sensible effect to all its parts. *Id.* at ¶ 12.

¶ 11    If the statute is unambiguous, our inquiry ends. *Id.* at ¶ 13.  But if the statute is ambiguous, we turn to other tools of statutory construction to discern the General Assembly's intent, including legislative history, statements of legislative purpose, the statute's relationship to other statutory provisions, and policy considerations. *Id.*

## B. Regulatory Framework

### 1. The Colorado Water Quality Control Act

¶ 12    The Act empowers the Department, headed by the Executive Director, to adopt and enforce regulations to prevent, abate, and control water pollution in Colorado.  §§ 25-1.5-203, 25-8-102(1), 25-8-301(1), C.R.S. 2019.  It also mandates that "[n]o person shall discharge any pollutant into any state water from a point source without first having obtained a permit from the division for such discharge."  § 25-8-501(1), C.R.S. 2019.

¶ 13    In furtherance of that objective, the Act creates a water quality control commission within the Department and tasks it with promulgating (among other rules) water quality standards and permit regulations.  § 25-8-201 to -202, C.R.S. 2019.  It also gives the Department's enforcement responsibilities to the Division of Administration, an entity within the Department that is further divided into various subdivisions, including the water division. § 25-8-301(2) ("[I]n furtherance" of the Department's responsibility to enforce the regulations adopted by the commission, "the executive director shall maintain within the division [of administration] a separate water quality control agency."); § 25-8-

302(1), C.R.S. 2019 (tasking "[t]he division" with administering the permit system).

¶ 14    As noted, and as relevant to the challenge before us, section 25-8-404 provides as follows:

> (2) Any proceeding for judicial review of any final order or determination of the commission or division shall be filed in the district court for the district in which the pollution source affected is located.
>
> (3) Any proceeding for judicial review of any final rule, order, or determination of the commission or division shall be filed within thirty days after said rule, order, or determination has become final. . . . Quasi-judicial determinations shall become final upon issuance of such determinations to those parties to the proceedings. The period for filing the action for judicial review shall be stayed while any application for a hearing, rehearing, or reconsideration is pending pursuant to section 25-8-403, and the period during which any such application is pending shall extend the time for filing a proceeding for judicial review an equal length of time.

*See also* Dep't of Pub. Health & Env't Reg. 61.7, 5 Code Colo. Regs. 1002-61. Section 25-8-403, the reconsideration provision, states as follows:

> During the time permitted for seeking judicial review of any final order or determination of the commission or division, any party directly

6

affected by such order or determination may apply to the commission or division, as appropriate, for a hearing or rehearing with respect to, or reconsideration of, such order or determination. . . . If the application for a hearing, rehearing, or reconsideration is granted, the order or determination to which such application pertains shall not be considered final for purposes of judicial review, and the commission or the division may affirm, reverse, or modify, in whole or in part, the pertinent order or determination; thereafter such order or determination shall be final and not subject to stay or reconsideration under this section.

¶ 15    The Act expressly incorporates APA procedures into the permitting process. § 25-8-401(1), C.R.S. 2019 (Hearings "shall be held pursuant to and in conformity with" the APA.); *Parrish v. Water Quality Control Div.*, 934 P.2d 913, 914 (Colo. App. 1997);[1] Dep't of Pub. Health & Env't Reg. 21.4, 5 Code Colo. Regs. 1002-21;[2] Dep't of Pub. Health & Env't Reg. 61.7(b), 5 Code Colo. Regs. 1002-61.

2. The State Administrative Procedure Act

---

[1] In addition, because the Department, Executive Director, the division of administration, and the water division are agencies having statewide territorial jurisdiction, the APA and the Act govern their actions. § 24-4-107, C.R.S. 2019; *Roosevelt Tunnel, LLC v. Norton*, 89 P.3d 427, 430 (Colo. App. 2003).

[2] This regulation, which outlines the applicable adjudication procedures, was added as part of the agency's rulemaking process and has been amended from time to time between 2007 and 2015.

7

¶ 16     Regarding judicial review, APA section 24-4-106(4) provides

that

> any person adversely affected or aggrieved by
> any agency action may commence an action
> for judicial review in the district court within
> thirty-five days after such agency action
> becomes effective . . . .  A proceeding for such
> review may be brought against the agency by
> its official title, individuals who comprise the
> agency, or any person representing the agency
> or acting on its behalf in the matter sought to
> be reviewed. . . .  The residence of a state
> agency for the purposes of this subsection (4)
> shall be deemed to be the city and county of
> Denver. . . .

¶ 17     The APA operates as a gap filler where an organic statute like the Act is silent on a matter of procedure.  *Marks v. Gessler*, 2013 COA 115, ¶ 29.  But, by its own terms, the APA is inapplicable to an agency action if it is inconsistent with the organic statute authorizing that action.  § 24-4-107, C.R.S. 2019.  While the "APA and statutes specific to that agency should be read together and harmonized to the extent possible[,] if a provision of the APA and the agency's statute conflict, the agency-specific provision controls." *V Bar Ranch LLC v. Cotten*, 233 P.3d 1200, 1205 (Colo. 2010).

C. Discussion

¶ 18    The parties dispute which timeline — the Act's thirty-day deadline or the APA's thirty-five-day deadline — applies to Peabody's challenge to the Final Agency Order.  More specifically, they disagree on whether the Final Agency Order was a "final order or determination of the . . . division" within the meaning of section 25-8-404(3) of the Act.  As we explain below, we conclude that the culmination of the administrative appeals process was the Department's January 17, 2019, Final Agency Order and that order triggered the Act's thirty-day judicial review deadline.

### 1. Review of "Final Agency Action"

¶ 19    Only a "final" agency action is subject to judicial review.  § 24-4-106(2); *Doe 1*, ¶ 38.  We must therefore decide whether the Final Agency Order, as a "final order or determination of the . . . division," constitutes "final" agency action here.

¶ 20    Neither the Act nor the APA defines the term "final," but generally a final agency action "must '(1) mark the consummation of the agency's decision-making process and not be merely tentative or interlocutory in nature, and (2) constitute an action by which rights

9

or obligations have been determined or from which legal consequences will flow.'"[3]  *Doe 1*, ¶ 38 (quoting *Chittenden*, ¶ 26).

¶ 21    The Act's permitting process begins when a party files an application for a new or renewal permit with "the division." § 25-8-502(2), C.R.S. 2019.  Peabody applied for a renewal permit and the water division granted that application and issued the 2015 Permit. At this point, the 2015 Permit was a "final order or determination of the . . . division." § 25-8-404(2).

¶ 22    But Peabody chose to invoke section 25-8-403, the reconsideration provision, and demanded a hearing from the water division.  The water division granted that request, at which point the 2015 Permit was no longer final.  § 25-8-403.  The Department, on the water division's behalf, transferred the matter to the Office of Administrative Courts so that an ALJ outside of the Department

---

[3] The operative rules clearly contemplate that the conclusion of the administrative appeals process constitutes "Final Agency Action" subject to judicial review.  *See* Dep't of Pub. Health & Env't Reg. 21.4(K), 5 Code Colo. Regs. 1002-21 (titled "Final Agency Action" and describing the process that was followed in this case).  If Peabody had not availed itself of the reconsideration process, the water division's decision on permitting would have then been final. *See* § 25-8-404(3), C.R.S. 2019; *see also Colo. Water Quality Control Comm'n v. Town of Frederick*, 641 P.2d 958, 965 (Colo. 1982).

could conduct the hearing. § 25-8-401(4); *see also* § 24-30-1001, C.R.S. 2019; *Butz v. Economou*, 438 U.S. 478, 513-14 (1978) (In an agency adjudication the hearing examiner must exercise "independent judgment on the evidence before him, free from pressures by the parties or other officials within the agency."); Edwin L. Felter, Jr., *The Hidden Executive Branch Judiciary: Colorado's Central Panel Experience – Lessons for the Feds*, 19 Colo. Law. 1307, 1312 (July 1990) (describing Colorado's central panel structure, which gives ALJs independence from the agencies they serve, and observing that state "legislatures are beginning to find that the central panel is the best answer to providing dignified, impartial, and cost-effective administrative adjudications").

¶ 23    While the Act does not explain the water division's role in the reconsideration after this point, *see* § 25-8-401, the water division's regulations and the APA's procedures help to fill in that gap, *Marks*, ¶ 29. Pursuant to APA section 24-4-105, C.R.S. 2019, and consistent with the Department's Regulation 21.4, an ALJ conducted a hearing and issued an Initial Decision on September 17, 2017, before returning the matter to the Department. § 24-4-105(14); *Weld Air & Water v. Colo. Oil & Gas Conservation Comm'n,*

11

2019 COA 86, ¶ 34 (after enacting regulations, the agency is bound by them); Dep't of Pub. Health & Env't Reg. 21.4(K)(3), 5 Code Colo. Regs. 1002-21 (noting that, absent "an appeal to the agency by filing exceptions within thirty days after service of the initial decision of the hearing officer upon the parties, unless extended by the agency, or a review upon motion of the agency within thirty days after service of the initial decision of a hearing officer, every such initial decision of a hearing officer shall thereupon become the decision of the agency").  The ALJ's Initial Decision clearly notified the parties that if no exceptions were filed within thirty days, that decision would be final: "This decision is final unless exceptions are filed within thirty (30) days from the date of this notice, pursuant to § 24-4-105(14)(a)(III).  Exceptions must be filed with the Colorado Department of Public Health and Environment. . . .  Failure to file exceptions as prescribed herein shall result in a waiver of judicial review."

¶ 24    The parties filed timely exceptions to that decision with the Department.  § 24-4-105(14)(b), (c).  The Executive Director reviewed the ALJ's Initial Decision, modified the ALJ's factual findings, reversed in part his legal conclusions, and ordered that

the 2015 Permit be effective immediately. § 24-4-105(15), (16); Dep't of Pub. Health & Env't Reg. 21.4(K), 5 Code Colo. Regs. 1002-21 ("Final Agency Action").

¶ 25    That decision, titled Final Agency Order and dated January 17, 2019, was the last action taken in the administrative proceedings before Peabody filed its complaint. Because Peabody's complaint recognizes this as the final agency action it seeks to have reviewed, there is no credible dispute that the Final Agency Order marked the end of the agency process.

¶ 26    The legal effect of the Final Agency Order was to conclude the permitting process, to make the 2015 Permit's terms and conditions final for purposes of judicial review, and to begin the thirty-day period to seek judicial review. § 25-8-403; § 25-8-404(3) (requiring judicial review "within thirty days after said rule, order, or determination has *become* final") (emphasis added); Dep't of Pub. Health & Env't Reg. 21.4(K), 5 Code Colo. Regs. 1002-21.

### 2. The Water Division's Absence from the Final Administrative Step Does Not Change Finality For Purposes of Judicial Review

¶ 27    Peabody first argues that the Department's action is not an undertaking of the water division because the Act defines "division"

13

to mean "the division of administration of the department of public health and environment." § 25-8-103(4), C.R.S. 2019.  Likewise, it defines "[e]xecutive director" to mean "the executive director of the department of public health and environment." § 25-8-103(7).  But both definitions are qualified by the phrase "unless the context otherwise requires." § 25-8-103.  And here context and the Department's rules require otherwise.  The Department, consistent with the Act, the APA, and its own rules, acted for the water division in the final step of the administrative appeal of the challenged discharge permit.  *See* § 24-4-105; § 25-8-403; § 25-8-404(3); Dep't of Pub. Health & Env't Reg. 21.4(K), 5 Code Colo. Regs. 1002-21.

¶ 28     Peabody next argues that the APA differentiates between the division of administration and the Executive Director.  *See* § 24-4-102(3), C.R.S. 2019 ("'Agency' means any . . . department, institution, division, or officer of the state.").  It then reasons that because the plain language of section 25-8-404 applies only to acts of "the division" — i.e., the division of administration and the water division — the Act's judicial review provision is inapplicable to final agency actions taken by the Executive Director.  The water division, however, points out that only "the division" can reconsider a permit

under the Act. § 25-8-403. It then reasons, "given that the Final Agency Order issued to Peabody was the culmination of an administrative appeal process requested and authorized under [section 25-8-403], it was clearly an order 'of the division.'" We agree with the water division.

¶ 29     Like other state and federal agencies, the Department has created a structure that allows an official who did not participate in the original decision, here the permit renewal approval, to perform the administrative review function.[4]  *See* Dep't of Pub. Health & Env't Reg. 21.4, 5 Code Colo. Regs. 1002-21. It would be

---

[4] Here, the Department referred the matter for a hearing before an ALJ within the Office of Administrative Courts (OAC), § 24-30-1001, C.R.S. 2019, but it could have designated "an employee of the Department of Public Health and Environment or a member of, or the Administrator of, the Commission" so long as the person engaged in conducting a hearing or participating in a decision or an initial decision is not "responsible to or subject to the supervision or direction of any officer, employee, or agent engaged in the performance of investigatory or prosecuting functions for the agency." Dep't of Pub. Health & Env't Reg. 21.4(I)(1), 5 Code Colo. Regs. 1002-21. The regulations also expressly prohibit ex parte contacts with the decision-maker while an adjudicatory proceeding is pending. Dep't of Pub. Health & Env't Reg. 21.4(J)(13), 5 Code Colo. Regs. 1002-21. Merely because some other agency (here, OAC) participated in the process does not mean that the final agency action is not an act of "the division" for judicial review purposes.

15

inconsistent with the Department's own regulations for the ALJ to return his Initial Decision to the water division — rather than the Department — when the water division issued the permit renewal Peabody challenged. Review of the ALJ decision and the water division's decision by another arm of the Department, here its Executive Director, makes sense because she did not personally participate in renewing the permit and setting the permit's conditions. As such, she provided the best opportunity for a fresh look at the ALJ's findings of fact and conclusions of law.[5]

---

[5] Review by another arm of the agency also fulfills the "separation of functions" principle. That principle holds that agency staff members who have prepared or presented evidence or argument on behalf of or against a party to an administrative proceeding should not participate in the decision. *See* Michael Asimow, *When the Curtain Falls: Separation of Functions in the Federal Administrative Agencies*, 81 Colum. L. Rev. 759 (1981). This principle is now embodied in the Federal Administrative Procedure Act, 5 U.S.C. § 554(d) (2018), and recognized in some state statutes or regulations. *See* Dep't of Pub. Health & Env't Reg. 21.4(I), (J), 5 Code Colo. Regs. 1002-21; *see also Roosevelt Tunnel, LLC*, 89 P.3d at 429 (relying in part on federal cases in interpreting "final agency action" under the APA); *Andrews v. D.C. Police & Firefighters Ret. & Relief Bd.*, 991 A.2d 763, 769 n.11 (D.C. 2010) (noting that because the District of Columbia's administrative procedures act is "closely analogous to the requirements of the Federal Administrative Procedure Act," we "look to case law interpreting the federal APA for guidance" in interpreting it); *see* 5 U.S.C. § 557(d) (2018) (discussing ex parte contacts).

¶ 30    Relatedly, Peabody also contends that because the Act's reconsideration clause applies only to reconsideration by "the division," the Final Agency Order resulted from an "additional," "separate," and "distinct" appeal authorized by section 24-4-105(15) of the APA.  We disagree.

¶ 31    The reconsideration clause is the exclusive means to secure administrative review of a final permit.  § 25-8-403; *Assoc. Gov'ts of Nw. Colo.*, ¶ 8 ("Where a statute provides a right of review of an administrative decision, the statute is the exclusive means to secure review.").  To the extent that Peabody reads the APA to create an "additional" avenue to seek judicial review separate from section 25-8-403, that construction conflicts with the Act and must be rejected.  § 24-4-107; *Marks*, ¶ 29.  Peabody cites no legislative history, statutory provision, or case law supporting the proposition that a party may seek reconsideration of a permit under any other provision of the Act except the reconsideration clause (section 25-8-403).  We are not willing to read into the statute what is not there. *See Chittenden*, ¶ 20.

¶ 32    We also reject Peabody's suggestion that because the Executive Director authored the Final Agency Order, the

reconsideration process was not accomplished by the water division.

¶ 33     Using the APA as a gap filler, the water division's reconsideration process must proceed as follows: An ALJ or hearing officer must conduct a hearing and issue an "initial decision." § 24-4-105(14)(a). "'Initial decision' means a decision by a hearing officer or [ALJ] which will become the action of *the agency* unless reviewed by *the agency*." § 24-4-102(6) (emphasis added). The parties must then submit the "initial decision" for review by "the agency" to preserve their right to judicial review. § 24-4-105(14)(b), (c). "The agency" may then modify the ALJ's factual findings and legal conclusions, remand for further proceedings, or affirm, reverse, or modify the order. § 24-4-105(15)(b).

¶ 34     Certainly, the identity of the agency reviewing the permit has legal significance. Not every state agency has the authority to review a permit issued by the water division. What person or subdivision within the Department conducts the review contemplated by section 24-4-105(15) depends on the Department's authority. As to permits for the discharge of contaminants into water, the Department has broad authority as the government

18

agency charged with responsibility to administer and enforce water quality control programs in Colorado, including the discharge permitting program, § 25-8-301(1); to issue regulations, §§ 25-8-102(1), 25-1.5-203; and to manage its duties relative to preventing, abating, and controlling water pollution, §§ 25-8-102(3), 25-8-202(1)(d), 25-8-503, C.R.S. 2019; *see also* § 25-6.5-102, C.R.S. 2019; *Weld Air & Water*, ¶ 34; Dep't of Pub. Health & Env't Reg. 21.4(K), 5 Code Colo. Regs. 1002-21.  That the Department may delegate some of its authority to the water division (or even to the commission, which is not at issue in this appeal) does not mean it is no longer the agency granted the authority in the first instance.

¶ 35     The APA's adjudication procedures do not conflict with the reality that agencies — like the Department here — often conduct their business through subdivisions.  In addition to empowering the Department with enforcing water quality control regulations, § 25-8-301(1), the Act empowers it to "maintain" the water division within the division of administration, § 25-8-301(2), and to implement rules to carry out its duties, §§ 25-6.5-102; 25-8-102, 25-8-202.  It follows that under a regulatory scheme like that contained in the Act and its implementing regulations, the

Department carries out its enforcement responsibilities through the acts of its subdivisions.

¶ 36    The parties appear to agree that the Executive Director had some authority to review the permit, so whether she could permissibly act as "the agency" for purposes of section 24-4-105(15) and Dep't of Pub. Health & Env't Reg. 21.4, 5 Code Colo. Regs. 1002-21, is not seriously disputed.  Her participation in the water division's reconsideration process was necessary and proper.  It makes sense that a supervising agency, acting through its Executive Director, needs authority to review an action taken by its subdivision before that subdivision's action becomes final.  *See Hawes v. Colo. Div. of Ins.*, 65 P.3d 1008, 1016 (Colo. 2003) ("[A]gencies possess implied and incidental powers filling the interstices between express powers to effectuate their mandates. Thus, the lawful delegation of power to an administrative agency carries with it the authority to do whatever is reasonable to fulfill its duties.").

¶ 37    The significance of the Executive Director's identity apart from the water division was that, consistent with Dep't of Pub. Health & Env't Reg. 21.4, 5 Code Colo. Regs. 1002-21, and APA section 24-4-

105(15), she was acting as "the agency" in concluding the water division's administrative reconsideration process for the 2015 Permit. Because that administrative reconsideration process was the last step in the permitting process, the Final Agency Order was final for purposes of judicial review. § 25-8-403; Dep't of Pub. Health & Env't Reg. 21.4(K), 5 Code Colo. Regs. 1002-21. At that point, the order was subject to judicial review within thirty days or not at all. § 25-8-404(3).

¶ 38 Because Peabody filed its complaint thirty-five days after the Department's final order issued, the district court lacked subject matter jurisdiction and properly dismissed it as untimely. C.R.C.P. 12(b)(1); *Colo. Water Quality Control Comm'n v. Town of Frederick*, 641 P.2d 958, 965 (Colo. 1982).

## III. Dismissal With Prejudice

¶ 39 Although we affirm the district court's judgment of dismissal, the parties agree that the dismissal "with prejudice" was error and request that we remand with directions to dismiss the action "without prejudice."

¶ 40 "A dismissal under C.R.C.P. 12(b)(1) is not an adjudication on the merits, but rather is the result of a court lacking the power to

hear the claims asserted." *Grant Bros. Ranch, LLC v. Antero Res. Piceance Corp.*, 2016 COA 178, ¶ 35. Because the dismissal here was pursuant to Rule 12(b)(1), the dismissal we affirm is necessarily without prejudice, which the district court shall correct upon remand.

## IV.   Conclusion

¶ 41    The district court's order dismissing Peabody's complaint under C.R.C.P. 12(b)(1) is affirmed insofar as it concluded that the complaint was untimely. But we reverse the with prejudice portion of the dismissal and remand with directions to dismiss the action without prejudice.

JUDGE BROWN and JUDGE ROTHENBERG concur.